UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TIMOTHY DENTON,

Plaintiff,

v.

G4S SECURE SOLUTIONS (USA) INC.,

Defendant.

No. 2:14-cv-01697-KJM-CKD

ORDER

This matter is before the court on plaintiff's motion for leave to file an amended complaint. Pl.'s Mot., ECF No. 10. Defendant opposes the motion as to the proposed fifth and sixth claims only, and plaintiff has replied. Opp'n at 11, ECF No. 11; Reply, ECF No. 13. The court held a hearing on this matter on February 27, 2015. John Briscoe appeared for plaintiff and Alison Hong appeared for defendant. For the following reasons, the court GRANTS plaintiff's motion.

/////

/////

I. FACTS AND PROCEDURAL HISTORY

A. Procedural Background

Plaintiff filed his complaint in Sacramento County Superior Court on August 2, 2013. Notice of Removal ¶ 3, ECF No. 1. He alleged the following claims: (1) retaliation under California Government Code section 12940(h) (Fair Employment and Housing Act, FEHA); (2) failure to prevent retaliation under California Government Code section 12940(k) (FEHA); (3) violation of California Labor Code section 510 (failure to pay overtime); and (4) violation of California Labor Code section 226 (failure to provide accurate wage statements). *Id.* ¶ 4. Defendant filed and served its answer on September 25, 2013 and removed the case to this court on October 1, 2013. *Id.* ¶¶ 6, 7. Plaintiff filed a motion for remand on November 4, 2013, on the grounds defendant had not met its burden of establishing an amount in controversy greater than the jurisdictional requirement of $75,000. *Id.* ¶ 8. This court granted the motion and remanded the case on January 23, 2014. *Id.* ¶ 9. After engaging in discovery, defendant ascertained the amount in controversy satisfied the jurisdictional requirement and again removed the case on July 18, 2014. ECF No. 1.

Plaintiff's Department of Fair Employment and Housing (DFEH) complaint, filed January 14, 2014, alleges plaintiff was discriminated against, harassed and retaliated against based on his race/color and because he engaged in protected activity, which ultimately resulted in his termination. Hong Decl., Ex. B, ECF No. 11-1. The California Labor Workforce and Development Agency (LWDA) sent a letter, dated April 24, 2013, stating defendant failed to pay overtime and failed to issue proper/accurate pay stubs in violation of Labor Code sections 510, 1198, and 226(a). *Id.* Plaintiff has not provided any other letter to or from the LWDA that addresses any violation of Labor Code sections 1194, 1194.2, 1197, 1197.1, 1198 as pled in plaintiff's proposed fifth claim for failure to pay minimum wage, or any violation of Labor Code

section 201 or 203 as pled in plaintiff's proposed sixth claim for failure to pay wages upon cessation of employment. *Id*. at 3.

On December 31, 2014, following a pretrial scheduling conference, this court issued a pretrial scheduling order setting a January 12, 2015 deadline for any stipulation or motion seeking amendment of the complaint. ECF No. 9. Plaintiff filed his motion for leave to file the amended complaint on January 12, 2015. ECF No. 10. With his reply, plaintiff filed a revised amended complaint striking all language that would suggest plaintiff seeks Private Attorney General Act of 2004 ("PAGA") civil penalties under the fifth and sixth claims. *See* Cal. Lab. Code § 2698, *et seq*. He has also stricken his prayer for civil penalties under Labor Code section 1197.1. Additionally, to further clarify the fifth cause of action for failure to pay minimum wage, he has inserted into paragraph 25 the following language: "[Plaintiff] was thus not always paid the minimum wage for all time worked, nor for overtime wages as earned." Reply at 3, ECF No. 13.

B. Facts Alleged in Original Complaint

Plaintiff's claims arise from his employment by defendant, a Florida corporation. Compl., Ex. A, ECF No. 1. Plaintiff was hired as a Transportation Officer by defendant on or about February 21, 2011. *Id.* ¶ 7. He was promoted to Bank Captain on or about December 21, 2011 and to Area Supervisor on or about June 4, 2012. *Id.* ¶ 8. Shortly thereafter, plaintiff was instructed by employees of the defendant to not record his overtime but told he would instead be awarded "comp time" because they were "hiding his wages under the Regional Trust Account." *Id.* ¶ 9.

On or about December 19, 2012, defendant's California and Pacific Regional Manager Rod Natale investigated a complaint filed by plaintiff's co-worker Maurice Bass. *Id.* ¶ 10. When Natale asked plaintiff if he had "witnessed anything out of the ordinary" between

Bass and then-Sacramento Branch Manager Malcom Howe, plaintiff stated he witnessed Howe frequently inviting Bass for cigarettes, friction between the two, and inappropriate touching and comments by Howe. *Id.* He stated the conduct made him uncomfortable, that it was wrong, and that he would like to help Bass if possible. *Id.*

Shortly thereafter, plaintiff alleges defendant's employees began to retaliate against plaintiff by excluding him from meetings, shunning him, denying him jobsites, tools necessary to do his job, and issuing him verbal and written warnings. *Id.* ¶¶ 11–13.

On February 5, 2013, Natale returned to the Sacramento branch and again questioned plaintiff about Bass. *Id.* ¶ 14. Plaintiff demurred. *Id.* On February 8, 2013, plaintiff was issued two separate write-ups and was assigned a company vehicle he believed to be unsafe and unfit for the road. *Id.* ¶ 15. He instead used his personal vehicle. *Id.*

On February 12, 2013, plaintiff filed a complaint with defendant's Secure Ethics and Compliance Hotline. *Id.* ¶ 16. He complained of his retaliation for participating in an investigation of another employee's sexual harassment claims. *Id.* On February 25, 2013, Natale called plaintiff regarding his complaint, and asked why plaintiff did not go to him with the issue. *Id.* ¶ 17. Since the filing of the complaint and that conversation, plaintiff has continued to experience retaliation. *Id.* ¶ 18. This alleged retaliatory behavior includes exclusion from meetings, unfair criticism, and treating plaintiff as a salaried employee although he is an hourly worker. *Id.* ¶¶ 18, 19.

C. Proposed Additional Claims

Since plaintiff filed his original complaint, defendant terminated plaintiff. Plaintiff seeks to add additional factual allegations of his retaliation, and claims under the Labor Code for retaliation, failure to pay all wages due upon termination, and failure to pay minimum

/////

wage. Pl.'s Mot. at 5. Defendant claims it first became aware of these additional claims on January 12, 2015, the deadline to stipulate to an amended complaint or for plaintiff to seek leave, giving defendant little or no time to investigate the new claims. Opp'n at 3; Hong Decl. at 2.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend its pleading] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties*, 866 F.2d at 1160 (internal citations omitted). It is the consideration of prejudice to the opposing party that carries the greatest weight. *See DCD Programs*, 833 F.2d at 185.

## III. ANALYSIS

### A. Undue Delay

Plaintiff's motion for leave to file a first amended complaint "is made on the grounds that, since the filing of the current, operative pleading, Plaintiff's employment with Defendant was terminated, giving rise to new claims." Pl.'s Mot. at 1. Plaintiff was terminated in December 2013. In the parties' joint status report, plaintiff anticipated amendment only to include an additional claim for retaliation in light of his termination. Am. Joint Case

Management Statement at 4, ECF No. 4. There is no mention of additional wage-related claims. Plaintiff has offered no reason for his delay in seeking to add his sixth claim, failure to pay wages upon cessation of employment. In his moving papers, plaintiff does not explain how his termination gave rise to the proposed new wage claims, or why they are only now discoverable. The facts giving rise to this claim were evident upon termination in December 2013, and plaintiff had engaged in discovery in state court prior to removal and the court's issuance of the scheduling order. However, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981).

B. Futility

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). In determining whether a proposed amendment is futile, the court applies the standard articulated in Federal Rule of Civil Procedure 12(b)(6) for determining sufficiency of pleadings. *Id.*

a. Administrative Exhaustion

Defendant argues plaintiff's newly alleged violations of Labor Code sections 1194, 1194.2, 1197, 1197.1 and 1198, as pled in plaintiff's proposed fifth claim for failure to pay minimum wage, and the alleged violation of Labor Code section 201 or 203 as pled in plaintiff's proposed sixth claim for failure to pay wages upon cessation of employment, do not meet the jurisdictional requirements because they were not included in plaintiff's written notice to the LWDA. Opp'n at 2–3. That notice included only the alleged overtime and pay stub violations under Labor Code sections 510, 1198, and 226(a), which plaintiff has pled in his original complaint in the third and fourth claims. Ex. B, ECF No. 11-1. Plaintiff responds that he does not seek PAGA penalties under the newly proposed claims, but seeks only to recover unpaid

wages and penalties for minimum wage and waiting violations for himself under Labor Code section 1194.2 and California Labor Code section 203. Reply at 2.

It is only when an aggrieved employee pursues a civil action under PAGA that he must give written notice to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated and wait for a notice from the LWDA of its intent not to investigate the alleged violations, or if no notice is received, wait 33 calendar days after providing notice before commencing a civil action. Cal. Lab. Code § 2699.3. PAGA penalties are separate and apart from the actual damages that a plaintiff may recover under other Labor Code sections. *See Thurman v. Bayshore Transit Management*, Inc., 203 Cal. App. 4th 1112, 1144–48 (2012).

California Labor Code section 1194 provides that "any employee receiving less than the legal minimum wage . . . is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage." *See* Cal. Lab. Code § 1194. California Labor Code section 203 provides that "[i]f an employer willfully fails to pay, without abatement or reduction, . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Lab. Code § 203(a). Upon discharge, the employees' earned and unpaid wages are due within 72 hours. Cal. Lab. Code § 201(a). Plaintiff did not include allegations of violations of these sections of the Labor Code in his LWDA letter.

To the extent plaintiff seeks only individual recovery provided for by the Labor Code sections he has clarified he relies on, his claims are not barred by administrative exhaustion.

/////

b. Statute of Limitations

An amendment is futile if the statute of limitations has run. *See Deutsch v. Turner Corp.*, 324 F.3d 692, 718 (9th Cir. 2003). As noted, plaintiff has clarified that the prayer for PAGA penalties under the fifth and sixth claims was included erroneously in the proposed pleading, and he has submitted a corrected pleading with those requests removed. Reply at 1. He also has stricken his prayer for civil penalties under Labor Code section 1197.1. *Id*. Plaintiff does seek liquidated damages "in an amount equal to the wages unlawfully unpaid and interest thereon" under Labor Code § 1194.2 under his proposed fifth claim.

Defendant argues plaintiff's claims for liquidated damages under Labor Code section 1194.2, for failure to pay minimum wage, are time barred under California Code of Civil Procedure section 338(a). That section provides that an action upon a liability created by statute, other than a penalty or forfeiture, has a three year statute of limitation, but a statute imposing a penalty or forfeiture has a one year statute of limitations. Cal. Civ. Proc. Code § 338(a); *see also Sarkisov v. StoneMor Partners, L.P.*, 2014 WL 1340762, at *2 (N.D. Cal. Apr. 3, 2014) (two potentially applicable statutes of limitations—one year for penalties, and three years for damages) Claims for liquidated damages under § 1194.2 seek "in effect a penalty," *Martinez v. Combs*, 49 Cal. 4th 35, 48, 109, n.8 (2010), and are therefore subject to the one-year statute of limitations. If defendant is correct that the one year statute of limitations applies, Opp'n at 6, plaintiff must have brought his claim under Labor Code section 1194.2 within one year of his termination on December 20, 2013, by December 20, 2014. *Id*.

The Federal Rules of Civil Procedure provide in pertinent part that a new claim asserted in an amended pleading relates back to the date of the original pleading when the new claim "arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The court considers *sua sponte* whether the

claim here relates back. *Garland v. Lewis*, No. CV 10-9010, 2013 WL 4198278, at *2 (C.D. Cal. Aug. 12, 2013), *aff'd*, 585 F. App'x 392 (9th Cir. 2014). To determine whether a claim relates back, the court "compares the original complaint with the amended complaint and decides whether the claim to be added will likely be proved by the 'same kind of evidence' offered in support of the original pleading." *Percy v. San Francisco Gen. Hosp*., 841 F.2d 975, 978 (9th Cir. 1988). Relation back is "liberally applied especially if no disadvantage will accrue to the opposing party." *Rural Fire Protection Co. v. Hepp*, 366 F.2d 355, 362 (9th Cir.1966). "It is the 'conduct, transaction, or occurrence' test of Rule 15(c) which assures that the relation back doctrine does not deprive the defendant of the protections of the statute of limitations." *Santana v. Holiday Inns, Inc*., 686 F.2d 736, 739 (9th Cir.1982).

Plaintiff's claim for liquidated damages arises from defendant's alleged failure to pay plaintiff minimum wage. This wage claim is related to and will require similar evidence, in the form of time records and wage statements, as plaintiff's original fourth claim for failure to provide accurate wage statements. "So long as a party is notified of litigation concerning a particular transaction or occurrence, that party has been given all the notice that Rule 15(c) requires." *ASARCO, LLC v. Union Pac. R. Co*., 765 F.3d 999, 1006 (9th Cir. 2014). Here, defendant has been on notice of plaintiff's allegations of improper wage practices; it is therefore not prejudiced by application of the relation back doctrine. *See Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1209 (N.D. Cal. 2013) (allowing relation back so plaintiff could amend to include a claim for waiting time penalties, because the penalties related to his existing claims for unpaid work); *see also DeLodder v. Aerotek, Inc*., No. CV–08–6044, 2009 WL 1684409, at *5 (C.D. Cal. June 15, 2009) (same).

Plaintiff's request for liquidated damages is timely. Amendment to include this claim will not be futile.

C. Bad Faith

Defendant argues the court may infer bad faith because "plaintiff never mentioned any claim for unpaid minimum wages whether in his original complaint, during discovery in state court, or during any meet and confer efforts prior to the pretrial scheduling conference, nor at the pretrial scheduling conference." Opp'n at 8–9. Indeed, the joint status report does not include any indication plaintiff planned to amend to include additional wage-based claims. Am. Joint Case Management Statement at 4. In his moving papers, plaintiff does not suggest any newly discovered facts giving rise to proposed claims five and six, or why they could not have been pled before. Moreover, plaintiff had an opportunity to conduct discovery in state court, and does not allege that discovery revealed these claims. Defendant posits plaintiff intentionally neglected to assert these claims in an effort to prevent defendant from meeting the amount in controversy necessary for removal. Plaintiff concedes the new wage-based claims are based on facts available to him since his termination in December 2013. This factor weighs against plaintiff.

D. Prejudice

As noted, prejudice to the nonmoving party is the most significant factor in the court's analysis. Defendant argues it will be prejudiced by the new claims because the "amount of discovery that Defendant can now conduct will be reduced by the amount of discovery conducted in state court, while at the same time, Plaintiff now adds additional claims which will require further discovery." Opp'n at 10. Plaintiff, in his reply, asserts he will not oppose any motion to reopen or allow for more extensive discovery. Reply at 2. Plaintiff's position ameliorates the potential prejudice to defendant. There are no pending dispositive motions, and discovery remains open until September 2015. This factor weighs against defendant.

On balance, the applicable factors weigh in favor of granting plaintiff leave to amend, subject to the limitations above.

IV. CONCLUSION

The motion for leave to amend is GRANTED. Plaintiff shall file an amended complaint consistent with this order within fourteen days.

IT IS SO ORDERED.

DATED: May 7, 2015.

UNITED STATES DISTRICT JUDGE