1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TIMOTHY DENTON,                              No.  2:14-CV-01697-KJM-CKD

12              Plaintiff,

13        v.                                      ORDER

14   G4S SECURE SOLUTIONS (USA) INC.,
     and DOES 1–100 inclusive,
15
                Defendant.
16

17

18            Timothy Denton alleges retaliation and labor claims against his former employer,

19   G4S Secure Solutions (USA) Inc.  He now moves to amend the court's pretrial scheduling order

20   to allow discovery to continue after September 7, 2015.  G4S opposes the motion.  The matter

21   was submitted without a hearing, and the motion is GRANTED.

22   I.       BACKGROUND

23            According to his complaint, Denton began working for G4S in February 2011.

24   First Am. Compl. ¶ 7.  In December 2012, he reported a branch manager had sexually harassed a

25   co-worker, *id.* ¶ 10, and in January 2013, he rejected his supervisors' request to fabricate

26   evidence against a subordinate, *id.* ¶ 13.  G4S then retaliated against him, eventually culminating

27   in his termination in December 2013.  *See generally id.* ¶¶ 7–23.  In addition, although Denton

28   was an hourly employee, G4S attempted to treat him as a salaried employee when that

                                                  1

1  designation was convenient, G4S never issued itemized wage statements, and it withheld his pay

2  after he was fired.  *Id.* ¶ 25.

3       In his original complaint, filed in state court in August 2013, Denton alleged

4  claims for retaliation, failure to prevent retaliation, failure to pay overtime, and failure to provide

5  accurate wage statements.  *See* Not. Removal Ex. A, at 8–13, ECF No. 1-1.  His complaint also

6  included allegations under the California Private Attorneys General Act (PAGA), Labor Code

7  sections 2698 *et seq.*  *Id.* at 6–7.  In December 2014, after the case had been removed to this

8  court, the court held an initial scheduling conference and issued a status (pretrial scheduling)

9  order.  ECF Nos. 8, 9.  All discovery, expert and non-expert, was to be completed by September

10  7, 2015, dispositive motions were to be heard by November 6, 2015, and a trial was set for

11  February 22, 2016.  *See generally id.*  Any motion to amend the complaint was due by January

12  12, 2015.  *Id.* at 2.

13       On January 12, 2015, Denton moved to amend his complaint to include three new

14  claims: failure to pay wages due on termination, failure to pay minimum wages, and a second

15  claim for retaliation.  *See* First Am. Compl. at 14–17; Mot. Am. at 5, ECF No. 10.  Because he

16  had been fired in the meantime, he would also assert new factual allegations.  Mot. Am. at 5.  The

17  court granted the motion to amend on May 8, 2015, ECF No. 19, and Denton filed an amended

18  complaint on May 21, 2015, ECF No. 20.

19       On July 24, 2015, Denton moved for leave to serve additional interrogatories

20  related to his PAGA claims and to compel G4S to provide further responses to previous

21  interrogatories about the claims in his original complaint, noticing a hearing before the assigned

22  magistrate judge.  ECF No. 24.  On August 20, 2015, the magistrate judge issued an order

23  granting the motion in part in accordance with a compromise Denton and G4S had reached after

24  the motion was filed.  ECF No. 32; *see also* Joint Statement, ECF No. 29.

25       On July 28, 2015, after the discovery motion was filed, but before it was resolved,

26  Denton filed the current motion to amend the scheduling order.  ECF No. 26.  He requests an

27  extension of at least sixty days.  *Id.* at 3.  He argues an extension is required because G4S has

28  delayed discovery and withheld documents.

2

1    II.    LEGAL STANDARD

2              A pretrial scheduling order may be modified if a party, despite its diligence, cannot

3    reasonably be expected to meet the order's deadlines.  *Johnson v. Mammoth Recreations, Inc.*,

4    975 F.2d 604, 609 (9th Cir. 1992).  When a party requests changes to the scheduling order, the

5    court's inquiry focuses on that party's honest attempt to comply; he must demonstrate his

6    "diligence," the common antonym for carelessness, questionable strategy, and delay.  *See, e.g.*,

7    *Calderon v. Target Corp.*, No. 12-1781, 2013 WL 4401430, at *7 (S.D. Cal. Aug. 15, 2013);

8    *Alibaba.com H.K. Ltd. v. P.S. Prods.*, 2012 U.S. Dist. LEXIS 36749, at *5–6 (N.D. Cal. Mar. 19,

9    2012); *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996).  Motions are

10   more often granted when the opposing party's actions caused delay or when the delay is due to an

11   outside intervening cause.  *See, e.g.*, *Orozco v. Midland Credit Mgmt. Inc.*, No. 12-02585, 2013

12   WL 3941318, at *3 (E.D. Cal. July 30, 2013) ("[P]laintiff has pursued discovery diligently.  It is

13   defendant's dawdling, not plaintiff's, that caused [the delay]." (citations omitted)); *Hood v.*

14   *Hartford Life and Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1225–26 (E.D. Cal. 2008) (granting a

15   motion to modify the scheduling order after a deposition revealed new information and new case

16   law was issued).  In all, the decision is one of broad discretion.  *See Miller v. Safeco Title Ins.*

17   *Co.*, 758 F.2d 364, 369 (9th Cir. 1985).

18   III.   DISCUSSION

19             Denton argues G4S has delayed discovery and withheld documents in three

20   instances.  First, he argues that in February 2014, before the case was removed to federal court, he

21   requested G4S produce all documents related to his complaints of retaliation or its investigation

22   into those complaints, and G4S responded in April 2014 that it would produce those documents.

23   Briscoe Decl. Ex. B, at 7–8, ECF No. 24-1.  But more than a year later, on May 28, 2015, G4S

24   produced several responsive documents it had not produced before.  *Id.* ¶ 3, ECF No. 24.  G4S's

25   counsel, Alison Hong, agrees that some responsive documents were produced for the first time on

26   May 28, 2015.  Hong Decl. ¶ 5, ECF No. 33-1.

27             Second, Denton argues that in February 2014, he also requested G4S produce all

28   his itemized wage statements, and in April 2014, G4S responded that it had already done so.

1    Briscoe Decl., Ex. B, at 10.  But on July 22, 2015, Ms. Hong told Denton G4S would produce

2    several new wage statements a few days later.  *Id.* ¶ 6.  G4S has still not produced these wage

3    statements.  *See id.*; Briscoe Reply Decl., ECF No. 34.  Ms. Hong agrees that about three or four

4    months of wage statements were not produced, and she does not address Denton's assertion that

5    G4S has not yet produced these wage statements.  Hong Decl. ¶ 7.

6          Third, Denton argues G4S delayed the deposition of Robert Schreiner, a G4S

7    employee.  On June 18, 2015, Denton noticed Schreiner's deposition and requested the

8    production of documents related to his deposition.  Briscoe Decl. ¶ 5.  On July 22, 2015, Ms.

9    Hong informed Mr. Briscoe that while Schreiner would appear for his deposition two days later,

10   G4S would not produce documents related to his deposition.  *Id.*  The deposition was postponed.

11   *Id.*  Ms. Hong does not dispute that G4S refused to produce the requested documents, and she

12   explains that those requests were duplicative, that G4S had long ago objected to them, and that

13   Denton had not challenged the objections.  Hong Decl. ¶¶ 8–9.

14         In general, G4S responds that these delays were of Denton's own making and have

15   caused him no prejudice.  Opp'n 4–7, ECF No. 33.  It argues an extension of the discovery

16   deadline would serve no purpose because the parties' discovery dispute was resolved in August

17   2015 when the assigned magistrate judge issued her order on Denton's discovery motion.  *Id.*

18   And it claims Denton's request is a veiled attempt at tardy discovery on his previously pled

19   PAGA claims, not the claims he first asserted in the amended complaint.  *Id.* at 8–9.  In his reply,

20   Denton emphasizes he has not yet received all his wage statements.  ECF No. 34.

21         Denton has demonstrated good cause for an amendment to the court's scheduling

22   order.  He argues, and G4S does not dispute, that it has delayed and withheld production of his

23   wage statements and other documents.  His wage statements are linked directly to claims asserted

24   for the first time in his first amended complaint; G4S's failure to produce them alone would be

25   good cause for an extension.

26         G4S correctly argues, however, that Denton had plenty of time to pursue his

27   original allegations before the September 7, 2015 deadline, if necessary by appropriate motion.

28   Denton's reply responds only to G4S's arguments about his wage statements, which tacitly lends

1   support to G4S's position.  For this reason, any discovery after September 7, 2015 may be

2   conducted only to support claims Denton asserted for the first time in the first amended

3   complaint.  In other words, Denton may not seek discovery after September 7, 2015 solely in an

4   effort to support claims asserted in his original complaint.

5   IV.   <u>CONCLUSION</u>

6           The motion to amend scheduling order is GRANTED as follows:

7   (1)   All discovery, lay and expert, shall be completed by **November 6, 2015**; discovery

8           after September 7, 2015 may be conducted only to support allegations asserted for

9           the first time in the amended complaint;

10  (2)   Dispositive motions shall be heard no later than **January 15, 2016**;

11  (3)   The final pretrial conference is RESET for **May 26, 2016**;

12  (4)   The parties shall file a joint pretrial conference statement no later than **May 5,**

13          **2016**;

14  (5)   The jury trial is RESET for **July 11, 2016**;

15  (6)   Trial briefs are due by **June 27, 2016**; and

16  (7)   The terms of the court's previously issued status (pretrial scheduling) order, ECF

17          No. 9, otherwise remain in effect.

18          This order resolves ECF No. 26.

19          IT IS SO ORDERED.

20  DATED:  September 3, 2015.


                                        _____
23                                      UNITED STATES DISTRICT JUDGE

5